**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| Belarminio Peralta, | : | |
| Debtor. | : | Bankruptcy No. 18-16661-MDC |

# **O R D E R**

**AND NOW**, on October 8, 2019, Recon International, Inc. ("Recon") filed the *Motion of Recon International, Inc. for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) and Fed. R. Bankr. P. 4001(a)* (the "Stay Relief Motion").[1]

**AND**, on October 25, 2019, Belarminio Peralta (the "Debtor," and together with Recon, the "Parties") filed the *Debtor's Response to Creditor's, Recon International, Inc., Motion for Relief* (the "Response").[2]

**AND**, on November 12, 2019, the Court held a hearing (the "Hearing") on the Stay Relief Motion and the Response, which the Court took the matter under advisement and directed the Parties to submit supplemental briefing in support of their positions.

**AND**, on December 5, 2019, the Debtor filed the *Amended Memorandum of Law in Opposition to Motion for Relief* ("Debtor's Supplemental Brief").[3]

**AND**, on December 6, 2019, Recon filed the *Supplemental Memorandum of Recon International, Inc. in Support of its Motion for Relief from Stay* ("Recon's Supplemental Brief") and together with Debtor's Supplemental Brief, the "Supplemental Briefs").[4]

---

[1] Bankr. Docket No. 66.

[2] Bankr. Docket No. 72.

[3] Bankr. Docket No. 78.

[4] Bankr. Docket No. 79.

**AND**, the Court having considered the Stay Relief Motion, the Response, the Supplemental Briefs, and the Parties' arguments at the Hearing.

**AND**, this Court having jurisdiction to consider the relief requested by the Stay Relief Motion in accordance with 28 U.S.C. §§ 157(b)(2)(G) and 1334.

It is hereby **FOUND** and **DETERMINED** that:

## FACTUAL FINDINGS

A.    On or about November 17, 2011, the Debtor entered into an Installment Sales Contract (the "Contract") with Recon for Recon's property located at 2971-73 Aramingo Avenue, Philadelphia, Pennsylvania (the "Property").  Stay Relief Motion at ¶3.

B.    In 2015, Recon initiated a lawsuit (the "CCP Action") against the Debtor in the Court of Common Pleas for Philadelphia County (the "Court of Common Pleas"), alleging various defaults under the Contract.  Recon's Supplemental Brief at Ex. A.

C.    In 2016, Recon and the Debtor entered into a Stipulation of Settlement in the CCP Action (the "Stipulation").  Recon's Supplemental Brief at Ex. A.

D.    The Stipulation provided, among other things, for the consequences if the Debtor defaulted under its terms, including the entry of default judgment against him, the termination of any rights he had under the Contract, his agreement to voluntarily vacate the Property, and the entry of a judgment for possession and the issuance of a Writ of Possession for the Property in favor of Recon.  Specifically, paragraph 5 of the Stipulation provided as follows:

> In the event defendant shall default under the terms of this agreement, and fail to cure the default as provided above, plaintiff shall be authorized to enter judgment by filing a default judgment with the Prothonotary of the Court of Common Pleas, Philadelphia County, against the defendant in the amount of any unpaid amounts then die under the terms of the Installment Sales Contract.  In addition, defendant hereby stipulates that the Installment Sales Contract dated November 17, 2011, will be declared terminated, extinguishing any and all rights, liens and/or interest defendant

2

>   asserted or could have asserted against 2971-73 Aramingo Avenue, Philadelphia, PA. Defendant further consents to voluntarily vacate the premises relinquishing possession to plaintiff and the entry of a judgment for possession and the immediate issuance of a Writ of Possession directing the Sheriff of the City of Philadelphia to deliver possession of 2971-73 Aramingo Avenue, Philadelphia, PA to plaintiff, Recon International, Inc.

Stipulation at ¶ 5.

E. On July 26, 2018, Recon filed a Praecipe to Enter Default Judgment with the Prothonotary for the Court of Common Pleas, stating that the Debtor had defaulted under the terms of the Stipulation by failing to pay the real estate taxes with respect to the Property. Recon's Supplemental Brief at Ex. B.

F. On July 27, 2018, a default judgment (the "Default Judgment") was entered against the Debtor in the CCP Action in the amount of $41,151.70. Recon's Supplemental Brief at Ex. D.

G. On July 30, 2018, Recon filed a Praecipe for Writ of Possession in the CCP Action, which was then issued on the same day (the "Writ of Possession"). Recon's Supplemental Brief at Ex. D.

H. On August 3, 2018, the Debtor filed a petition to open the Default Judgment in the CCP Action (the "Petition to Open"), which the Court of Common Pleas denied. Recon's Supplemental Brief at Ex. D. The Debtor then filed a motion for reconsideration on September 28, 2018, which the Court of Common Pleas also denied. Recon's Supplemental Brief at Ex. D.

I. On October 4, 2018, the Debtor appealed the Court of Common Pleas' denial of the Petition to Open. Recon's Supplemental Brief at Ex. D.

J.  Also, on October 4, 2018, the Debtor filed his chapter 13 bankruptcy petition in this Court.[5]

K.  The deadline to file a proof of claim in the Debtor's bankruptcy case was December 13, 2018. Recon did not file a proof of claim against the Debtor.

L.  On January 10, 2019, pursuant to Federal Rule of Bankruptcy Procedure 3004 ("Rule 3004"), the Debtor filed a secured proof of claim (the "Original Proof of Claim") for Recon in the amount of $22,728.09. Proof of Claim No. 3-1.

M.  On March 10, 2019, the Debtor filed an amended secured proof of claim for Recon in the amount of $19,715.96 (the "Amended Proof of Claim"). Proof of Claim 3-2.

N.  On April 10, 2019, the Debtor filed a second amended proof of claim (the "Second Amended Proof of Claim") for Recon in the amount of $35,393.96. Proof of Claim 5-1. Unlike the Original Proof of Claim and the Amended Proof of Claim, however, the Second Amended Proof of Claim characterized Recon's claim as unsecured. The Debtor stated in the attachment to the Second Amended Proof of Claim that the Default Judgment, in the amount of $41,151.70, "may be based on [Recon's] May 16, 2018 Notice of Default and does not reflect the monthly installments and other payments [in the amount of] $5,757.74 for monthly installment ($2,878.87 per month of June/2018 through October/2018, which includes the August/2018 and September/2018). Thus, the Debtor believes that the payoff amount is $35,393.96 and possibly lower."

O.  On June 12, 2019, the Debtor filed his Second Amended Chapter 13 Plan (the "Plan").[6] The Plan does not identify Recon's claim as a secured claim to be cured and reinstated under the Plan. Plan at §4(b). Rather, the Plan identifies Recon's claim as a secured claim in the

---

[5] Bankr. Docket No. 1.
[6] Bankr. Docket No. 55.

4

amount of $35,393.96, to be paid under the terms of the Plan after which there would be a release of the corresponding lien. Plan at §4(c).

P.      On December 2, 2019, the Debtor filed a Praecipe to Withdraw the Original Proof of Claim and the Amended Proof of Claim.[7]

## DISCUSSION

Q.      Recon seeks relief from the automatic stay imposed by 11 U.S.C. §362(a) so that it may execute on the Writ of Possession. Stay Relief Motion at ¶24. Recon argues that the Plan "is a thinly veiled attempt by Debtor to have this Court act as an appellate court, thereby nullifying a valid state court judgment obtained against Debtor entered before this bankruptcy petition was filed." Stay Relief Motion at ¶22. According to Recon, the Debtor, through his bankruptcy case and the proposed Plan, is only attempting to escape the terms of the Court of Common Pleas-approved Stipulation providing for the entry of default and Recon retaking possession of the Property, which Recon argues violates the *Rooker-Feldman* doctrine. Stay Relief Motion at ¶22.[8]

---

[7] Bankr. Docket No. 77.

[8] In his Response, the Debtor's Supplemental Brief, and at the Hearing, the Debtor has argued that he may cure the default and maintain possession of the Property pursuant to §1322(a) of the Bankruptcy Code. Recon has responded that any rights a debtor has under that section are not applicable here because the transaction at issue is a land installment sale contract, not a mortgage, and therefore a foreclosure sale is not necessary. The Court notes that there appears to be a split of authority in this Circuit as to whether default on a land installment sale contract is subject to cure under a Chapter 13 plan after judgment has been entered. *Compare In re Rowe*, 110 B.R. 712, 722 (Bankr. E.D. Pa. 1990) (the right to cure an installment land sale contract under Pennsylvania law "presumably extends" until one hour before there is a court judgment terminating the vendee's rights in the property subject to the contract) *with In re Grove*, 208 B.R. 845, 847 (Bankr. W.D. Pa. 1997) (the seller under a PA land installment sale contract was not entitled to stay relief, despite having obtained a judgment for possession after the debtors defaulted, based on the court's conclusion that under Pennsylvania law, installment land sale contracts are to be treated as mortgages for purposes of foreclosure and execution, and debtors can cure mortgage defaults and reinstate the contract). The Court, however, believes resolution of this issue is premature and not before the Court on the Stay Relief Motion. Rather, it is appropriately resolved in the context of an objection to confirmation of the Debtor's proposed Plan, which seeks to maintain possession of the Property notwithstanding the judgment for possession. *Grove*, 208 B.R. at 848 (whether plan provisions proposing to cure default under land installment sale contract are in accord with section 1322 is an issue for plan confirmation rather than a motion for relief from stay).

R.  The *Rooker-Feldman* doctrine deprives federal district and bankruptcy courts of jurisdiction over suits that are essentially appeals from state-court judgments. *Phila. Ent't & Dev. Partners, LP v. Dep't of Rev. (In re Phila. Entm't & Dev. Partners, LP)*, 879 F.3d 492, 498 (3d Cir. 2018). The doctrine is implicated when, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Easley v. New Century Mortg. Corp.*, 394 Fed. Appx. 946, 947-948 (3d Cir. 2010). As Recon notes, the doctrine applies when four factors are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment. *Philadelphia Entertainment*, 879 F.3d at 499.

S.  Here there can be no dispute the first and third factors are met. Prior to the Debtor's bankruptcy filing, the Default Judgment was entered against the Debtor and the Writ of Possession was issued, both of which were authorized under the terms of the Stipulation. The second and fourth factors, however, are not met.

T.  With respect to the second factor, *i.e.*, that the plaintiff complains of injuries caused by the state-court judgment, Recon's argument is that the Debtor "has filed a two party Chapter 13 Bankruptcy petition with the Bankruptcy Court: Peralta as Debtor, Recon as single creditor. Recon's judgment is the only matter the bankruptcy addresses. He has filed the bankruptcy solely to address the 'injury' of the Court of Common Pleas judgment." Recon's Supplemental Brief, at §2.

U.  Clearly the Default Judgment and Writ of Possession were, if not the impetus, a primary reason for the Debtor's bankruptcy petition. The Plan reflects that other than Recon, the

6

Debtor's only other secured creditor is the City of Philadelphia, whose secured claims total less than $2,000.00. The Plan does not reflect any payments to unsecured creditors.[9] There is therefore some appeal to Recon's argument that the bankruptcy petition and proposed Plan are essentially an effort to address the injury imposed by the Default Judgment and Writ of Possession. However, the Debtor's schedules and proposed Plan reflect more than a two-party dispute. The Debtor has other creditors which he proposes to pay under the Plan. Moreover, this is not a case where a debtor files a bankruptcy case after suffering an adverse judgment simply in an attempt to avoid payment to the judgment creditor. *Compare, e.g., In re Johnson*, 2020 Bankr. LEXIS 256 (Bankr. N.D. Okla. 2020) (dismissing bankruptcy case because the primary purpose of the case was to escape payment of and relitigate an adverse judgment); *In re Dziurgot-Farnsworth*, 2008 Bankr. LEXIS 3200 (Bankr. D. Mass. Nov. 26, 2008) (dismissing bankruptcy case as an attempt to prolong resolution of and avoid paying a judgment to debtor's ex-husband). Here the Debtor's bankruptcy petition may have been spurred by the Default Judgment and Writ of Possession, but the Debtor does not "complain of the injury" caused by seeking to avoid payment. Rather, the Plan seeks to pay the judgment over time, which in and of itself is a legitimate use of the protections the Bankruptcy Code affords. This is particularly so, as is the case here, where a debtor's income is less than or barely exceeds the debtor's expenses, such that payment of a judgment over time under the terms of a confirmed plan is the only feasible way to satisfy the judgment.[10] *See In re McCreary*, 2009 Bankr. LEXIS 4087, at *10-*11 (Bankr. C.D. Ill. Dec. 29, 2009) (denying motion to dismiss chapter 13 case and rejecting movant's argument that the petition was filed in bad faith to avoid full payment of divorce

---

[9] The Debtor's Schedule E/F reflects three unsecured claims: a priority claim of the City of Philadelphia for water and sewer in the amount of $1.00, and non-priority claims of Avnit Company ($2,365.00) and the Pennsylvania Department of Revenue ($485.00). The Plan treats the City of Philadelphia's water claim as a secured claim, but does not address the other two unsecured claims reflected in the Debtor's Schedule E/F.

[10] The Debtor's Schedules I and J reflect that the Debtor's net monthly income after deducting expenses is $86.00.

7

judgments, finding that the debtor having only a few creditors was not indicative of bad faith and the debtor had a legitimate need for bankruptcy relief because of his inability to pay the judgments other than through a chapter 13 plan).

V. Even if the second factor was met, however, the fourth factor is not. The Debtor's bankruptcy petition and proposed Plan do not represent an invitation for this Court to review and reject the Default Judgment and Writ of Possession. The Debtor does not put the merits of the CCP Action at issue by proposing to pay the Default Judgment over the life of the Plan. This Court has not been asked to review and reject any action or decision by the Court of Common Pleas. Rather, the Debtor has made the relatively ordinary proposal of paying the judgment amount owed to Recon through the proposed Plan. *Id.; see also In re Smith*, 43 B.R. 313, 319 (Bankr. N.D. Ill. 1984).

W. Finally, according to the Debtor's schedules there is substantial equity in the Property. The Debtor's schedule D reflects that the Property is valued at $310,000.00. Recon has not filed a proof of claim, but the Default Judgment is in the amount of $41,151.70. Recon is therefore adequately protected, serving as additional grounds for denying the Stay Relief Motion. *See, e.g., In re Olick*, 221 B.R. 146 (Bankr. E.D. Pa. 1998) (denying stay relief motion where sufficient equity existed to protect the movant's lien).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** the Stay Relief Motion is **DENIED**.

Dated: April 20, 2020

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Ronald G. McNeil, Esquire
McNeil Legal Services
1333 Race Street
Philadelphia, PA 19107-1585

8

Joseph P. Kerrigan, Esquire
461 N. 3rd Street; Suite 2B
Philadelphia, PA 19123

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912